## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br>JONATHAN JOSUE ACEVEDO-CRUZ,<br>    Defendant. | CRIMINAL NO.: 25-173 (PAD) |

### SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

The defendant, Jonathan J. Acevedo-Cruz ("Mr. Acevedo"), through the undersigned counsel, respectfully states and prays as follows:

Prior to entering the United States in 2013, Mr. Acevedo was residing with his family in his native country of El Salvador. At the time, the gang problem in El Salvador was extremely serious and a central feature of life, politics, and public security in the country. El Salvador had one of the highest concentrations of gang members per capita in Central America, with two major street gangs – Mara Salvatrucha (MS-13) and 18th Street (Barrio 18) — dominating El Salvador's gang landscape, controlling territory, extorting civilians and businesses, and driving much of the country's violence and crime.[1] These gangs had been responsible for El Salvador having among the highest homicide rates in the world in the years leading up to 2013.[2]

---

[1] *See* Tariq Zaidi, *El Salvador: A Nation Held Hostage by Gang Violence*, *Foreign Policy* (Nov. 30, 2019), available at https://foreignpolicy.com/2019/11/30/el-salvador-gang-violence-ms13-nation-held-hostage-photography/.

[2] *See* Charles M. Katz et al., *Gang Truce for Violence Prevention, El Salvador*, *Society for Violence Prevention Research* (2016), available at https://pmc.ncbi.nlm.nih.gov/articles/PMC5034635/pdf/BLT.15.166314.pdf. *See also* United Nations Office on Drugs and Crime (UNODC), *Global Study on Homicide 2013* (United Nations publication), available at https://www.unodc.org/documents/data-and-analysis/statistics/GSH2013/2014_GLOBAL_HOMICIDE_BOOK_web.pdf

Back then, Mr. Acevedo's father worked as a police officer in his hometown. These gangs were targeting family members of police officers to extort information from them. Gang members who knew Mr. Acevedo and his father approached Mr. Acevedo and attempted to force him to join them. Mr. Acevedo refused but feared for his life and the lives of siblings. He spoke to his father about the situation, but his father replied that the police force was corrupt, and he did not trust his co-workers enough to keep his family safe.[3] Because of such fear of retaliation against his family, Mr. Acevedo decided to leave El Salvador and attempt to enter the United States in search of a better life. Mr. Acevedo was part of a surge of Latin Americans that emigrated to the United States fueled by gang-related crime and violence.

Upon entering the United States, Mr. Acevedo resided in Texas for 8 years and worked different jobs as a framer in woodwork and construction. He had no interactions with law enforcement and led a law-abiding life. He also began a relationship with his consensual partner Digna West, a Puerto Rican and United States citizen, and they have been living together for the past 9 years. In 2021, Mr. Acevedo and Ms. West moved to Puerto Rico to care for Ms. West's mother who was elderly and required assistance in her medical care. Mr. Acevedo has the support of Ms. West and her children who all love Mr. Acevedo and consider him part of their family. His biggest punishment will be having to leave them when he is deported back to El Salvador.

---

[3] *See Gangs in Central America*, Congressional Research Service Report RL34112 (Feb. 20, 2014) (noting that Salvadoran public security officials transferred incarcerated gang leaders to lesser-security facilities to facilitate negotiations and that government officials initially denied their role in the gang truce before admitting involvement), available at https://www.everycrsreport.com/files/20140220_RL34112_093c98d6d2bba619187f51aa599aaed8bf4d2532.pdf.

The PSR has correctly calculated Mr. Acevedo's guideline range at 0 to 6 months. Additionally, the PSR considers several factors in favor of a lenient sentence, including Mr. Acevedo's eventual deportation, his status as a nonviolent first-time offender, the absence of prior substance abuse and his employment history.

Mr. Acevedo is also aware that even if the requested sentence is one of time served, he will be immediately placed in Immigration and Customs Enforcement ("ICE") custody pending removal proceedings to El Salvador. It may take up to 3 months until such proceedings are completed. He asks the Court to consider this additional time as part of the punishment Mr. Acevedo will serve in determining his sentence.

In light of the foregoing, further incarceration of Mr. Acevedo cannot be justified to accomplish the purposes of retribution, incapacitation, deterrence and/or rehabilitation. Therefore, this Honorable Court should conclude that a sentence of time served is sufficient but not greater than necessary to accomplish the statutory goals of sentencing.

Moreover, pursuant to United Sentencing Guidelines Manual §5D1.1(c), "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." Both prongs are met in this case, and as such, the Court should not impose a supervised release term on Mr. Acevedo as part of his sentence. As explained in Application Note 9 of §5D1.1(c), "[u]nless such a defendant illegally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution." There are

3

no factors or circumstances that are particular to Mr. Acevedo's case warranting an added measure of deterrence and protection.

WHEREFORE, the Defendant, Jonthan J. Acevedo-Cruz, respectfully requests that the Court take notice of the above.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of January, 2026.

>RACHEL BRILL
>Chief Defender
>District of Puerto Rico
>
>***s/ Ivan Santos-Castaldo***
>Ivan Santos-Castaldo
>USDC-PR No. 302814
>241 F.D. Roosevelt Ave.
>Hato Rey, P.R. 00918-2441
>(787) 281-4922/ Fax (787) 281-4899
>E-mail: ivan_santos@fd.org